IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

**SUSAN PENICK,**

    **Plaintiff,**

v.

**TIMBER EXPRESS, INC. and
JUSTIN DARNELL DOSS**

    **Defendants.**

**CASE NO.** 2:22-cv-00198

**REMOVED FROM THE CIRCUIT COURT OF FAYETTE COUNTY, WEST VIRGINIA, CIVIL ACTION NO. 22-C-30**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants, Timber Express, Inc., and Justin Darnell Doss by their counsel, jointly consent to and join in the filing and service of this Notice of Removal of an action filed in the Circuit Court of Fayette County, West Virginia, to the United States District Court for the Southern District of West Virginia, and state:

1. On or about March 10, 2022, Plaintiff Susan Penick, filed a Complaint in the Circuit Court of Fayette County, West Virginia, against the Defendants (the "State court action"). Plaintiff's Complaint asserts claims against Defendants for personal injury arising out of a May 12, 2020 motor vehicle accident in Fayette County, West Virginia.

2. This Notice of Removal is being filed in the United States District Court for the Southern District of West Virginia, pursuant to 28 U.S.C. § 1441(a) as the United States District Court for the Southern District of West Virginia, is the federal judicial district encompassing the Circuit Court of Fayette County, West Virginia.

3. A true and correct copy of the Summons and Complaint received by Defendant Justin Doss is attached as Exhibit 1. Defendant Justin Doss received a copy of the Summons and Complaint on March 26, 2022, as evidenced by the W.Va. Secretary of State delivery confirmation

details attached as Exhibit 2. Defendant Timber Express, Inc. has not received a copy of the Summons and Complaint from the West Virginia Secretary of State as of the date of filing of this Notice of Removal, but hereby consents to this removal.

4. This Notice of Removal is therefore timely pursuant to 28 U.S.C. § 1446(b)(2)(B) because it is filed within 30 days of the date that the Defendant Doss received the Complaint, which is the initial pleading setting forth the claim for relief upon which this action is based.

5. The Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and the matter is between citizens of different States, and the Parties are completely diverse.

6. Paragraph 13 of the Complaint describes the injuries and damages allegedly sustained by Plaintiff Penick because of the accident. While no specific ad damnum amount is presented (*Complaint, p. 6*), it is clear from the Plaintiff's claimed course of treatment and associated allegations that the jurisdictional amount necessary to remove the State court action to this District Court has been met and is not an impediment to removal. Plaintiff's claimed medical bills through September 2021 exceed $36,000.00, and her attorney's office has advised that she continues to treat as recently as February 2022 (nearly two years post-accident). Plaintiff's claimed medial expenses, along with her demand for compensatory damages related to pain and suffering; physical limitations, diminished capacity to enjoy life; annoyance and inconvenience; loss of household services; mental anguish; and permanent impairment, establish that the jurisdictional threshold is met by Plaintiff's alleged damages.

7. Complete diversity of citizenship exists between the Parties.

8. Plaintiff is a resident of West Virginia. *Complaint, paragraph 1*. Accordingly,

Defendants aver that Plaintiff is, and was at the time of the filing of this action and at the time of removal, domiciled in and a citizen of West Virginia for the purposes of determining diversity. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (A party's residence is "prima facie" evidence of citizenship.); *Willis v. Westin Hotel Co.*, 651 F.Supp. 598, 601 (S.D.N.Y. 1986) (citing *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) (the place where a person lives is properly taken to be that person's domicile until established to the contrary)).

9. Defendant Timber Express. Inc., is, and was at the time Plaintiff commenced this action and at the time of removal, incorporated under the laws of the State of Nebraska with a principal place of business in Nebraska, and is therefore a citizen of Nebraska for the purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

10. Defendant Justin Doss is and was at the time Plaintiff commenced this action and at the time of removal a resident of Virginia, and therefore is a citizen of Virginia for the purposes of determining diversity.

11. Accordingly, because the amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and there is complete diversity as to the citizenship between the Plaintiff and the Defendants, this Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332, and the action filed by the Plaintiff in State Court is properly removable to this Court under 28 U.S.C. § 1441.

15. As required by 28 U.S.C. § 1446(a), Defendants have attached as Exhibits 1-2 to this Notice of Removal, copies of the Complaint, all process, and receipt documentation related to filings served upon Defendant Doss in the State court action.

16. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served

upon Plaintiff and filed with the Clerk of the Circuit Court of Fayette County, West Virginia, the State court in which Plaintiffs initially commenced this action against Defendants.

17. The Answers of Defendants, or other responses to the Complaint, were not due prior to the filing of this Notice of Removal. By filing this Notice of Removal, Defendants do not waive any defense or counterclaim that may be available including, jurisdictional defenses. As required by Federal Rules of Civil Procedure 81(c)(2), Defendants will respond to the Complaint within the time set forth therein, unless an extension of the deadline is properly obtained pursuant to this Court's approval.

WHEREFORE, Defendants respectfully request that this action be removed in its entirety from the Circuit Court of Fayette County, West Virginia to the United States District Court for the Southern District of West Virginia, request that no further proceedings be had in West Virginia State court, and request such other and further relief as is necessary and proper.

DATED: April 25, 2022

DEFENDANTS,

*/s/ Ben J. Crawley-Woods*
Gregory E. Kennedy, Esquire (WVSB #8730)
Ben J. Crawley-Woods (WVSB 11122)
Franklin & Prokopik
208 South Queen Street, 2nd Floor
Martinsburg, West Virginia 25401
Phone: (304) 596-2277
Facsimile: (304) 596-2111
E-mail: gkennedy@fandpnet.com
E-mail: bcrawley-woods@fandpnet.com
*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA**

**SUSAN PENICK,**

    **Plaintiff,**

**v.**

**TIMBER EXPRESS, INC. and
JUSTIN DARNELL DOSS**

    **Defendants.**

**CASE NO.** 2:22-cv-00198

**REMOVED FROM THE CIRCUIT COURT OF FAYETTE COUNTY, WEST VIRGINIA, CIVIL ACTION NO. 22-C-30**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 25th day of April, 2022, I served a true copy of the foregoing Notice of Removal upon the State Court and Plaintiff by e-filing the document with the Circuit Court of Fayette County, W.Va., which will send electronic notification and a copy of the filing upon the following:

    Stephen Farmer, Esquire
    Robert Campbell, Esquire
    Letisha Bika, Esquire
    PO Box 3842
    Charleston, WV  25314
    *Counsel for Plaintiff*

    s/ *Ben J. Crawley-Woods*
    Ben Crawley-Woods, Esquire (WVSB #11122)